DAUGHTREY, Circuit Judge, dissenting.
In this case, the district court had obtained jurisdiction over the petitioner’s *396 case when the habeas petition was filed in 2001. The basis for the order of the district court now challenged on appeal can be traced to the petitioner’s pro se motion to withdraw his petition and forego further appeals, thereby expediting his execution. As a result, the district court found it necessary to determine whether the petitioner was competent to withdraw his petition on his own motion.
Following counsel’s investigation of the circumstances surrounding the petitioner’s decision to drop his federal habeas litigation, the district court was faced with a claim that oppressive conditions of confinement on death row at the Riverbend Prison had precipitated the filing of the petitioner’s pro se motion. The order at issue here was clearly entered in an effort to identify and possibly ameliorate conditions that might be relevant to the petitioner’s mental state and the voluntariness of his decision to expedite his own execution. To the extent that the record might establish a connection between conditions at the prison and the petitioner’s competency to withdraw his habeas petition, the authority of the district court to issue relevant orders would not seem to be subject to question.
The problem here is that the district court’s order did not contain any factual findings to support a conclusion that continued videotaping was necessary to a determination of competency. Nor did the order contain a discussion of the factors prescribed for the issuance of an injunction. I would therefore remand the case to allow the district court to enter a clarifying order.